IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **My Lifeplan Holdings, Inc.,** ) | | |
| 13020 Tilden Road ) | Case No. | |
| Hiram, OH 44234 ) | | |
| ) | Judge: | |
| Plaintiff, ) | | |
| ) | **COMPLAINT FOR** | |
| v. ) | **TRADEMARK INFRINGEMENT** | |
| ) | | |
| **My Choice Programs** ) | | |
| 781 Southbridge St. ) | *(Jury demand endorsed hereon)* | |
| Auburn, MA 01501 ) | | |
| ) | | |
| And ) | | |
| ) | | |
| John Does 1 through 10 ) | | |
| ) | | |
| ) | | |
| Defendant. ) | | |

NOW COMES the Plaintiff, *My Lifeplan Holdings, Inc.*, and for its Complaint against the Defendant, My Choice Programs, alleges and avers as follows:

## THE PARTIES

1. The Plaintiff, My Lifeplan Holdings, Inc., is a corporation organized under the laws of Ohio, and has its principal place of business in Hiram, Ohio, which is in Portage County.

2. Upon information and belief, the Defendant, My Choice Programs, is a business entity organized under the laws of Massachusetts, and has its principal place of business in Auburn, Massachusetts.

3. On information and belief, each of the Defendants, and Does 1 through 10, and each of them, were the agents and/or employees of each of the remaining Defendants, and in doing the things herein alleged, were acting within the course and scope of said agency and/or

employment, in that the actions of each of the Defendants as herein alleged were authorized, approved, and/or ratified by each of the other Defendants as principals and/or employers.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of Does 1 through 10, inclusive, when Plaintiff ascertains the identity of such Defendants. Plaintiff is informed and believes, and thereon allege, that each of these Defendants is responsible in some manner for the acts and omissions which damaged Plaintiff, and that Plaintiff's damages as alleged herein were proximately caused by their actions or omissions.

## JURISDICTION AND VENUE

5. Federal Question Jurisdiction.  This is an action for trademark infringement. The Court has subject matter over this matter because the Plaintiff states a claim for federal trademark infringement, 15 U.S.C. § 1125(a); §43(a) of the Lanham Act.

6. Diversity Jurisdiction.  In the alternative or in addition to the Court's federal question jurisdiction, this Court also has diversity jurisdiction over this dispute as the Plaintiff and Defendant are citizens and/or incorporated in different states, and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over the Defendant by virtue of their solicitation of business within the State of Ohio, within this judicial district and elsewhere.

8. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendant is subject to personal jurisdiction in this district, and the infringement occurred within this judicial district.

**FACTUAL ALLEGATIONS**

9. The Plaintiff is an information services company.

10. Plaintiff's areas of specialty include health care information, personal information, financial information, legal services, estate planning, living wills, durable powers of attorney.

11. The Plaintiff owns a federal trademark registration for "My Choice", registered June 3, 2008, which is a standard character mark. (See a copy of the Registration attached as "Exhibit 1.")

12. The Plaintiff's trademark is registered for the class including legal services, estate planning, living wills, and durable powers of attorney; computerized database management, storage and retrieval of advance medical directives.

13. Plaintiff is asserting that Defendant has infringed the Plaintiff's federally registered trademark.

14. The Defendant, My Choice Programs, has unfairly misused the Plaintiff's registered trademark in the Defendant's use of "My Choice" in connection with their business which, upon information and belief, provides, among other services, living wills, durable powers of attorney, medical information, and financial services.  (See a true copy of the Defendant's homepage at their website http://www.mychoiceprograms.com, which shows Defendant's infringing use of "My Choice", attached as "Exhibit 2.")

15. The Defendant's website has been registered since May 14, 2014 and has been updated at least once since then, February 16, 2016. (See a copy of the WhoIs domain registration information for www.mychoiceprograms.com, attached as "Exhibit 3.")

16. The Defendant corporation has been in business since September 25, 1972 under various names, including " Independent Living for the Adult Retarded, Inc." and "Independent Living for Adults with Special Needs, Inc." Defendant changed their corporation name to

"My Choice Programs, Inc." on June 13, 2014 (See Massachusetts Secretary of State Corporation File Detail Report, attached as "Exhibit 4.")

17. Defendant's mark is a colorable imitation of Plaintiff's mark, and is likely to cause confusion in the marketplace.

18. The Defendant is not authorized by the Plaintiff in any way to use the Plaintiff's federally registered mark.

19. The Plaintiff is entitled to an award of damages against Defendant for trademark infringement and unfair competition.

**CLAIM NO. 1**
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1114 (§32 of the Lanham Act)*

20. Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

21. The Defendants' use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's MY CHOICE® registered mark in connection with the sale, offering for sale, distribution or advertising of goods and services provided by Defendants has been done in such a manner as to be likely to cause confusion, mistake, or deceive.

22. Defendant's actions were committed with knowledge that the imitation was intended to be used to cause confusion, mistake or to deceive.

23. Plaintiff is entitled to injunctive relief under 15 USC §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC §1117.  Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney fees or in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative,

at the election of Plaintiff, statutory damages in an amount not to exceed two hundred thousand dollars ($200,000.00).

### CLAIM NO. 2
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

24. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

25. The Defendant has used, and is using, the Plaintiff's mark without any authorization from the Plaintiff on their "www.mychoiceprograms.com" website for services such as medical information, financial information, and legal services.

26. The Defendant's conduct is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

27. The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that Defendant's products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

28. On information and belief, Defendant's use of the term "My Choice" began in 2014, far after the date of registration of Plaintiff's mark on June 3, 2008.

29. The Defendant's actions constitute trademark infringement in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

30. Plaintiff is entitled to injunctive relief under 15 USC §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC §1117(a).  Damages recoverable  are

actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees.  In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case.

### CLAIM NO. 3
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(b) (§43(b) of the Lanham Act)*

31. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

32. Defendants willfully intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's mark by their use of the terms MY CHOICE.

33. Plaintiff is entitled to injunctive relief under 15 USC §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC §1117.  Damages recoverable are actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees.  In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case.  Plaintiff is entitled to injunctive relief under 15 USC §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC §1117.  Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney fees or in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed two million dollars ($2,000,000.00).

### CLAIM NO. 4

*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(d) (§43(d) of the Lanham Act)*

34. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

35. Defendants, as registrants of the domain name www.mychoiceprograms.com has violated 15 USC §1125(d) in that Defendant has demonstrated a bad faith intent to profit from Plaintiff's mark MY CHOICE® and has registered and used a domain name, namely, www.mychoiceprograms.com, that is identical or confusingly similar to Plaintiff's mark and/or dilutive of that mark.

36. Said Defendant's bad faith cyber piracy entitles Plaintiff to an order of the court directing forfeiture and/or cancellation of the domain name www.mychoiceprograms.com or the transfer of that domain name to Plaintiff.

37. Plaintiff is entitled to injunctive relief under 15 USC §1116 and recovery of damages from Defendants jointly and severally pursuant to 15 USC §1117.  Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney fees or in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed two million dollars ($2,000,000.00).

### CLAIM NO. 5
*(Ohio Unfair Competition O.R.C § 4165.01 et seq.)*

38. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

39. Defendants' conduct in registering and using the domain name www.mychoiceprograms.com and other conduct as alleged in the operative facts represents unfair business practices under RC §4165.01 et seq. for which Defendants are jointly and

severally liable for all damages proximately caused to Plaintiff.

40. Plaintiff is further entitled to injunctive relief, treble damages and attorney fees under said act.

## CLAIM NO. 6
*(Civil Conspiracy)*

41. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

42. All of the Defendants, including John Does, in conjunction with the repeating of customer review postings on Defendant's website, as well as the other conduct alleged above in this Complaint constitute a pattern of corrupt activity and a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.

43. Defendants entered into a civil conspiracy to unlawfully and unfairly to compete with Plaintiff and deprive Plaintiff of the benefit of Plaintiff's goodwill, reputation, and benefits Plaintiff derives from its registered trademark MY CHOICE®.

44. Defendants have by their conduct unlawfully traded on the goodwill and reputation of Plaintiff and its trademark and trade name, damaging Plaintiff by way of lost profits and damage to the goodwill and reputation to the Plaintiff, as well as infringement and dilution of Plaintiff's trademark MY CHOICE®.

45. Defendants are jointly and severally liable for damages incurred by Plaintiff in an amount which will be proven at trial.  Defendants are further liable for the costs Plaintiff incurs in the prosecution of this action.

**PRAYER FOR RELIEF / REQUEST FOR REMEDIES**

WHEREFORE, the Plaintiff prays that this Court enter an Order against Defendant:

A) That the court enter judgment in favor of Plaintiff against Defendants, jointly and severally, for all damages proximately caused by Defendants and further award Plaintiff its attorney fees and costs incurred in the prosecution of this action.

B) That the court find that Defendants have violated 15 USC 1114 and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117 consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award statutory damages of $200,000.00 against Defendants.

C) That the court find that Defendants have violated 15 USC 1125(a) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117 consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just.

D) A preliminary injunction enjoining the Defendants from making, using, marketing or selling any product or service that infringes upon the Plaintiff's MY CHOICE trademarks;

E) That the court find that Defendants have willfully violated 15 USC 1125 (b) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117 consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its

attorney fees; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award statutory damages of $2,000,000.00 against Defendants.

F) That the court find that Defendant has violated 15 USC 1125(d) and grant Plaintiff preliminary and permanent injunctive relief; order forfeiture and/or cancellation of the domain name www.mychoiceprograms.com; order damages pursuant to 15 USC 1117 consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award Plaintiff statutory damages of $200,000.00.

G) That the court find that Defendants have violated RC 4165.01 et seq. and grant Plaintiff preliminary and permanent injunctive relief together with such damages as are proven at trial, said amount to be trebled; and that the court award Plaintiff its attorney fees and costs.

H) That the court find that Defendants engaged in a civil conspiracy and award Plaintiff damages in an amount to be proven at trial together with costs of suit.

I) That the court award such other and further relief as it deems just and equitable in the premise.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable.

Most Respectfully Submitted,

      /s/ John D. Gugliotta
**JOHN D. GUGLIOTTA (0062809)**
*Law Offices of John D. Gugliotta, P.E., Esq. LPA*
55 S. Miller Road, Suite 203
Akron, OH 44333
Tel.      (330) 253-2225
Fax (330) 253-6658
johng@inventorshelp.com


**C. VINCENT CHOKEN (0070530)**
**DAVID A. WELLING (0075934)**
*Choken Welling LLP*
55 S. Miller Road, Suite 203
Akron, OH 44333
Tel.      (330) 865 – 4949
Fax       (330) 865 – 3777
vincec@choken-welling.com
davidw@choken-welling.com

*Counsel for the Plaintiff*